**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00071-APG-CWH |
| Plaintiff, | |
| v. | **ORDER DENYING (1) MOTION TO VACATE, (2) MOTION FOR HEARING, AND (3) REQUEST FOR CERTIFICATE OF APPEALABIILTY** |
| BARRY LAWRENCE SPELL, | |
| Defendant. | (ECF Nos. 27, 30) |

Defendant Barry Spell moves to correct his sentence under 28 U.S.C. § 2255 based on his contention that he no longer qualifies as a career offender under U.S. Sentencing Guideline § 4B1.1 following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Spell asserts that his instant federal bank robbery offense and two prior federal bank robbery offenses, all in violation of 18 U.S.C. § 2113(a), are not crimes of violence under the applicable guideline. In his reply, Spell also requests a certificate of appealability if I deny his motion. Finally, Spell requests an emergency hearing for resolution of his motion.

I deny Spell's motion to vacate because controlling precedent establishes that federal bank robbery under § 2113(a) is a crime of violence under § 4B1.1. I deny the motion for hearing as moot. Finally, I deny Spell's motion for a certificate of appealability.

Under § 4B1.1(a), the career offender guideline, a defendant is a career offender if:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The parties dispute whether the instant offense and two prior felony convictions for bank robbery under § 2113(a) are crimes of violence.

Guideline § 4B1.2 defines a "crime of violence" for purposes of the career offender guideline:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

    (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

    (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[1]

The first clause is sometimes referred to as the "force" clause. The second clause lists specific crimes that will qualify if the crime of conviction is a categorical match for the elements of the generic listed offenses. The language in (a)(2) which refers to crimes that otherwise involve conduct presenting a serious risk of physical injury is known as the "residual" clause. This is the language that Spell contends was deemed unconstitutionally vague under *Johnson*, and that he also claims is the only basis for finding him a career offender under this guideline.

The Ninth Circuit previously has determined that federal bank robbery under § 2113(a) is a crime of violence. *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (holding that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1."). Spell contends more recent Supreme Court authority has undermined *Selfa*'s holding. However, the Ninth Circuit recently reaffirmed its conclusion in *Selfa*. *See United States v. Steppes*, No. 15-10243, 2016 WL 3212168, at *1 (9th Cir. June 10, 2016) (holding federal bank robbery under § 2113(a) is a crime of violence under Guideline § 4B1.1 as defined under § 4B1.2);[2] *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016), as amended (June 24, 2016) (holding Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *Selfa*).

---

[1] This guideline was amended in August 2016. I refer to the prior version.

[2] *See also United States v. Steppes*, 2:14-cr-00100-GMN-GWF, ECF No. 26 at 7 (D. Nev. April 6, 2015) (identifying the defendant's prior crimes as five counts of bank robbery under § 2113(a)).

1       In light of this controlling authority, I deny Spell's motion under § 2255.  Spell's instant

2 offense and prior convictions under § 2113(a) are crimes of violence under § 4B1.2.  Thus, Spell

3 was properly sentenced as a career offender.

4       To appeal this order, Spell must receive a certificate of appealability from a circuit or

5 district judge. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a).  To obtain

6 a certificate of appealability, Spell "must make a substantial showing of the denial of a

7 constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate

8 whether (or, for that matter, agree that) the petition should have been resolved in a different

9 manner or that the issues presented were adequate to deserve encouragement to proceed further."

10 *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation omitted).  Given the controlling Ninth

11 Circuit authority on the issue Spell raises, I deny his request for a certificate of appealability.

12       IT IS THEREFORE ORDERED that defendant Barry Spell's motion under 28 U.S.C.

13 § 2255 **(ECF No. 27) is DENIED**.

14       IT IS FURTHER ORDERED that defendant Barry Spell's emergency motion for status

15 conference **(ECF No. 30) is DENIED** as moot.

16       IT IS FURTHER ORDERED that defendant Barry Spell's request for a certificate of

17 appealability is **DENIED**.

18       DATED this 6th day of October, 2016.

19

20                                  _____

                                     ANDREW P. GORDON

21                                      UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28